LAW OFFICE OF SCOTT A. STEINBERG  
*Proposed Attorney for the Debtor*  
167 Willis Avenue, Suite 1  
Mineola, New York 11501  
(516) 739-9600  
Scott A. Steinberg, Esq.  
ssteinberg@saslawfirm.net  

Presentment Date: July 3, 2017  
Presentment Time: 12:00 p.m.  

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**  
-------------------------------------------------------------------X  
In re:                                                                              Chapter 11  

        NSS FINANCIAL SERVICES LLC,                           Case No. 17-11564 (SHL)  

                                       Debtor.  
-------------------------------------------------------------------X  

**DEBTOR'S APPLICATION TO APPROVE STIPULATION**  
**ORDER WITH 30 BROAD STREET VENTURE LLC**  

TO:    THE HONORABLE SEAN H. LANE,  
         UNITED STATES BANKRUPTCY JUDGE:  

The application ("Application") of the above captioned debtor and debtor-in-possession ("Debtor"), by its attorney, the Law Office Of Scott A. Steinberg, for an Order Approving Stipulation With 30 Broad Street Venture LLC, respectfully represents and sets forth as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A).

2.     Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

3.     The statutory basis for relief requested herein is §§ 105(a) and 503(b) of title 11 of the United States Code, 11 U.S.C. §§101 *et seq.* (the "Bankruptcy Code").

30 broad street stip - final.docx

## BACKGROUND

4. On June 5, 2017, 2016 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is a small business debtor within the meaning of 11 U.S.C. §101(51D).

5. The Debtor has continued in possession of its property and the management of its business affairs as a debtor-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed.

6. From its inception through approximately 2015 the Debtor was engaged in the business of litigation funding. In its litigation funding business, the Debtor would pay the fees and expenses of a litigant's counsel, up to an agreed upon amount, in exchange for which the Debtor would be paid pursuant to a formula spelled out in the litigation funding agreement. The Debtor also engaged in a consulting business pursuant to which it would advise and assist borrowers on debt and mortgage restructuring.

7. The Debtor ceased operating as an ongoing business in 2015 due to a conflux of reasons, including, most importantly, a decrease in funding opportunities within the market that the Debtor serviced.

8. On or about May 7, 2012, the Debtor, as tenant, and a predecessor-in-interest to 30 Broad Street Venture LLC (the "Landlord"), as landlord, entered into a lease agreement (the "Lease"), pursuant to which the Debtor leased certain office and related space known as Suite 407, 30 Broad Street, New York, New York (the "Leased Premises"). The Lease expired by its terms on May 30, 2017. A copy of the Lease is annexed hereto as **Exhibit "A"**.

9. Thereafter, the Debtor subleased a portion of the Leased Premises to certain non-debtor affiliates of the Debtor, including but not limited to Amerevision Research LLC,

Amerevision Capital LLC and AAD Partners, Inc. d/b/a AAD Group (collectively, with any other unnamed occupants, the "Additional Occupants"). The Additional Occupants have continued in possession and use of the Leased Premises.

10. On or about April 25, 2016, Landlord commenced a summary nonpayment proceeding against the Debtor as respondent and Additional Occupants as additional respondents, in Civil Court, New York County, Index No. 62038/2016 (the "Civil Court Proceeding").

11. On or about June 7, 2016 a warrant of eviction (the "Warrant of Eviction") was issued in the Civil Court Proceeding, which Warrant of Eviction remained unexecuted as of the Filing Date.

12. Subsequent to the issuance of the Warrant of Eviction, the Debtor and Additional Occupants entered into various stipulations with the Landlord, pursuant to which the Warrant of Eviction would remain in full force and effect and the Debtor and Additional Occupants would vacate the Leased Premises by the specified date.

13. The Debtor and Additional Occupants were unable to vacate by the move-out date specified in the most recent stipulation due to the fact that the new space the Debtor and Additional Occupants were going to move into was not ready for occupancy. The Chapter 11 filing became necessary because the Warrant of Eviction was scheduled to be executed and the Debtor needed to protect its assets, consisting mostly of computer equipment, files and office furniture until the new space was ready for occupancy and the Debtor could arrange for an orderly move.

14. Subsequent to the Filing Date, the Landlord and Debtor, on behalf of itself and Additional Occupants, entered into a proposed stipulation and order (the "Proposed Stipulation and Order"), a copy of which is annexed hereto, pursuant to which the Debtor and Additional

Occupants will continue to occupy the Leased Premises on a limited basis, solely in accordance with and subject to the terms of the Proposed Stipulation and Order.

### RELIEF REQUESTED

15. The Debtor hereby requests that the Court approve the Proposed Stipulation and Order, which has been negotiated in good faith and at arm's length, and provides the Debtor with the relief it needed when it commenced the Chapter 11 case.

16. The major operative terms of the Proposed Stipulation and Order are as follows:

- the Debtor and Additional Occupants have until July 1, 2017 (the "Vacate Date") to surrender the Leased Premises to the Landlord, time of the essence;

- the Debtor and Additional Occupants shall pay administrative rent in the amount of $6,066.58 for the period of the Filing Date through July 1, 2017;

- any personal property remaining in the Leased Premises after the Vacate Date shall be deemed abandoned by Debtor and Additional Occupants;

- in the event the Debtor and/or Additional Occupants fail to vacate on or before the Vacate Date, the Landlord may direct the City Marshal to execute upon the Warrant of Eviction;

- the Debtor, on behalf of itself and the Additional Occupants, waives its right to make application to this or any other court to extend the Vacate Date.

17. The Debtor submits that the terms of the Proposed Stipulation and Order are fair and reasonable, and in the best interest of the Debtor and its estate., and as such, the Proposed Stipulation and Order should be approved by the Court.

18. The Proposed Stipulation and Order allows the Debtor to have an orderly transition into its new space and the Debtor's assets will be protected through the Vacate Date.

19. The administrative rent payable to the Landlord under the terms of the Proposed Stipulation and Order is a per diem rate of the rent payable under the terms of the Lease. Thus, the Landlord is not receiving a windfall, or rent that it might not otherwise be entitled to, and the Debtor

is not paying a penalty rate. Moreover, under § 503(b) of the Bankruptcy Code, the Landlord will have a first priority administrative claim in the same amount as agreed upon, for the period of the Filing Date through the Vacate Date.

20. Finally, as set forth above, a Warrant of Eviction was issued prior to the commencement of the Chapter 11 case, and the Lease has expired by its own terms. Thus, there is little prejudice to the Debtor by the waiver of its right to seek relief from the terms of the Proposed Stipulation and Order from this or any other court. The Debtor's only interest in the Leased Premises at this time is a possessory interest.

21. The Debtor respectfully submits that the terms of the Proposed Stipulation and Order are fair and reasonable and in the best interest of the Debtor and its estate, and should be approved.

## WAIVER OF MEMORANDUM OF LAW

22. The Debtor respectfully requests waiver of submission of a separate memorandum of law in connection with this Application, in that there are no novel or difficult legal issues presented herein.

## NOTICE

23. Notice of this Application has been provided to (i) Office of the United States Trustee; (ii) the Debtor's known creditors; and (iii) parties who have filed notices of appearance. The Debtor submits that said notice is adequate and proper.

## CONCLUSION

24. For all of the foregoing reasons, the Debtor respectfully requests that the Proposed Stipulation and Order annexed hereto be "SO ORDERED".

30 broad street stip - final.docx

**WHEREFORE,** the Debtor respectfully requests that the Court SO ORDER the annexed Proposed Stipulation and Order and grant the Debtor such other and further relief as is just and proper under the circumstances, for all of which no prior request has been made to this or any other Court.

Dated: Mineola, New York
June 21, 2017

                                            LAW OFFICE OF SCOTT A. STEINBERG
Proposed *Attorney for the Debtor*
167 Willis Avenue, Suite 1
Mineola, New York 11501
(516) 739-9600
ssteinberg@saslawfirm.net

By: /s/     Scott A. Steinberg
        Scott A. Steinberg