**PROPOSED STIPULATION AND ORDER**

30 broad street stip - final.docx

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

NSS FINANCIAL SERVICES LLC,

Chapter 11

Case No. 17-11564 (SHL)

Debtor.
------------------------------------------------------------X

### STIPULATION AND ORDER PROVIDING FOR CONTINUED OCCUPANCY BY DEBTOR-IN-POSSESSION, PAYMENT OF USE AND OCCUPATION AND RELATED RELIEF

WHEREAS on June 5, 2017 (the "Filing Date"), NSS Financial Services LLC, the above captioned debtor and debtor-in-possession (the "Debtor"), filed a voluntary petition for relief under Chapter 11, Title 11, United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code");

WHEREAS the Debtor has continued in the management of its affairs and the possession of its property as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code;

WHEREAS on or about May 7, 2012, the Debtor, as tenant, and a predecessor-in-interest to 30 Broad Street Venture LLC (the "Landlord"), as landlord, entered into a lease agreement (the "Lease"), pursuant to which the Debtor leased certain office and related space known as Suite 407, 30 Broad Street, New York, New York (the "Leased Premises");

WHEREAS, certain non-debtor affiliates of Debtor, namely, Amerevision Research LLC, Amerevision Capital LLC and AAD Partners, Inc. d/b/a AAD Group (collectively, with any

233616.docx

other unnamed occupants, "Occupants") continue in occupancy of the Leased Premises as subtenants by permission of Debtor.

WHEREAS on or about April 25, 2016, Landlord commenced a summary nonpayment proceeding against the Debtor as respondent and Occupants as additional respondents, in Civil Court, New York County, Index No. 62038/2016 (the "Civil Court Proceeding");

WHEREAS on or about June 7, 2016 a warrant of eviction (the "Warrant of Eviction") was issued in the Civil Court Proceeding, which Warrant of Eviction remained unexecuted as of the Filing Date;

WHEREAS Landlord, Debtor and Occupants, together with Hezi Torati as guarantor of the Lease, entered into a Stipulation of Settlement dated December 12, 2016 and so-ordered by the Court on January 12, 2017 in the Civil Court Proceeding, providing, *inter alia*, that the Warrant of Eviction remain in full force and effect and providing that Debtor and Occupants would vacate and surrender possession of the Leased Premises on or before February 15, 2017;

WHEREAS Landlord, Debtor and Occupants entered into a Supplemental Stipulation of Settlement dated February 7, 2017 and so-ordered by the Court on February 7, 2017 in the Civil Court Proceeding, providing that the Warrant of Eviction remain in full force and effect and providing, *inter alia*, that Debtor and Occupants would vacate and surrender possession of the Leased Premises on or before March 15, 2017;

WHEREAS on May 30, 2017 the Lease expired by its own terms;

WHEREAS, as of the date of this Stipulation, Debtor and Occupants continue to occupy the Leased Premises;

WHEREAS the Debtor and Occupants desire to occupy the Leased Premises for a limited period of time so as to allow the Debtor and Occupants to transition into new office space

233616.docx

in an orderly manner with as little disruption as possible to the ongoing operations and business of the Debtor and Occupants; and

**WHEREAS** Landlord has agreed to allow the Debtor and Occupants to continue to occupy the Leased Premises on a limited basis solely in accordance with and subject to the Debtor's compliance with the terms and conditions set forth herein.

**NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE LANDLORD AND DEBTOR AS FOLLOWS:**

1. The Debtor and Occupants shall vacate and surrender possession of the Leased Premises to Landlord on or before July 1, 2017 (the "Vacate Date"), time being of the essence.

2. Upon execution of this Stipulation, Debtor shall pay, or cause to be paid, the sum of $6,066.58 by wire transfer or bank check, as administrative rent for the period of June 6, 2017 through and including July 1, 2017.

3. In the event Debtor and Occupants vacate on or before July 1, 2017, time of the essence, any personal property, equipment or fixtures ("Personal Property") remaining in the Leased Premises as of July 2, 2017, shall be deemed abandoned and Landlord may dispose of such Personal Property in its sole discretion.

4. In the event Debtor and/or Occupants fail to vacate on or before the Vacate Date, time being of the essence, the automatic stay will be deemed lifted as of July 2, 2017, without any further action or application required by Landlord, so that Landlord can then proceed to direct the City Marshal to execute upon the Warrant of Eviction previously issued in the Civil Court Proceeding. Landlord shall be permitted to direct the City Marshal to serve the preliminary six-day notice of eviction prior to July 2, 2017, so that the eviction can be scheduled by the City Marshal to occur on the first date on or after July 2, 2017 that the City Marshal is available to perform the eviction.

233616.docx

5. The Debtor, on behalf of itself and Occupants, represents and warrants that it will not make any application to this or any other court to extend the Vacate Date.

6. Landlord reserves all rights and remedies, including but not limited to its rights and remedies in the Civil Court Proceeding and this bankruptcy action.

7. The provisions of the Stipulation shall be binding upon any chapter 7 or chapter 11 trustee which may hereinafter be appointed for the Debtor's estate pursuant to Section 1104 of the Bankruptcy Code, or any other fiduciary appointed as a legal representative of the Debtor or with respect to the property of the estate of the Debtor, and shall inure to the benefit of the Debtor, the Landlord, and each of their respective successors and assigns.

8. The Stipulation shall be effective and enforceable immediately upon it being "SO ORDERED" by the Court.

9. In the event this Stipulation is not approved by the Court, Landlord and Debtor each reserve all of their rights and remedies.

10. The Bankruptcy Court shall retain jurisdiction to enforce the terms of this Stipulation or determine any dispute with respect thereto.

Dated: Mineola, New York
June 15, 2017

                               LAW OFFICE OF SCOTT A. STEINBERG
                               Proposed Attorney for Debtor

                               By: _____
                                  Scott A. Steinberg
                               167 Willis Avenue, Suite 1
                               Mineola, New York 11501
                               (516) 739-9600
                               ssteinberg@saslawfirm.net

233616.docx

STEMPEL BENNETT CLAMAN & HOCHBERG
Attorneys for 30 Broad Street Venture LLC

By: _____
　　　Joelle Taub
675 Third Avenue
New York, New York 1017
(212) 681-6500
jtaub@sbchlaw.com

IT IS HEREBY
"SO ORDERED"

_____
SEAN H. LANE, U.S. BANKRUPTCY JUDGE

233616.docx