**LAW OFFICE OF SCOTT A. STEINBERG**
*Proposed Attorney for the Debtor*
167 Willis Avenue, Suite 1
Mineola, New York 11501
(516) 739-9600
Scott A. Steinberg, Esq.
ssteinberg@saslawfirm.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:

**NSS FINANCIAL SERVICES LLC,**

　　　　　　　　　　　　　　　**Debtor.**
------------------------------------------------------------------X

Chapter 11

Case No. 17-11564 (SHL)

## DECLARATION OF HEZI TORATI
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

HEZI TORATI, declares under penalties of perjury:

1.　I am the sole member of NSS Financial Services LLC (the "Debtor"). As such, I am familiar with the Debtor's operations, businesses and financial affairs.

2.　I submit this declaration pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

3.　The Debtor is a small business debtor within the meaning of 11 U.S.C. §101(51D).

**Local Rule 1007-2(a)(1)**

4.　The Debtor is a New York limited liability company. From its inception through approximately 2015 the Debtor was engaged in the business of litigation funding. In its litigation funding business, the Debtor would pay the fees and expenses of a litigant's counsel, up to an agreed upon amount, in exchange for which the Debtor would be paid pursuant to a formula

1

spelled out in the litigation funding agreement. The Debtor also engaged in a consulting business pursuant to which it would advise and assist borrowers on debt and mortgage restructuring.

5. The Debtor ceased operating as an ongoing business in 2015 due to a conflux of reasons, including, most importantly, a decrease in funding opportunities within the market that the Debtor serviced. It is the Debtor's hope and intention to reorganize its business so that it can renter the litigation funding market and become profitable.

6. The Debtor's need for Chapter 11 relief has been precipitated by a summary nonpayment proceeding commenced by the Debtor's landlord, 30 Broad Street Venture LLC, against the Debtor as respondent and certain non-debtor affiliates of the Debtor that occupy the same suite as the Debtor, as additional respondents, in Civil Court, New York County, Index No. 62038/2016 (the "Civil Court Proceeding").

7. By this Chapter 11 filing, the Debtor hopes to restructure its obligations, either through a consensual or otherwise confirmed chapter 11 plan.

**Local Rule 1007-2(a)(2)**

8. This case was not originally commenced under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*

**Local Rule 1007-2(a)(3)**

9. Upon information and belief, no committee or professionals were employed prior to the entry of the Order for relief.

**Local Rule 1007-2(a)(4)**

10. A list of the holders of the twenty (20) largest unsecured claims, excluding insiders, is annexed hereto as **Exhibit "A"**.

**Local Rule 1007-2(a)(5)**

11. A list of the holders of the five (5) largest secured claims, excluding insiders, is annexed hereto as **Exhibit "B"**.

**Local Rule 1007-2(a)(6)**

12. A summary of the Debtor's estimated assets and liabilities is annexed hereto as **Exhibit "C"**.

**Local Rule 1007-2(a)(7)**

13. There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

14. Upon information and belief, not qualified, none of the Debtor's property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9) and (10)**

15. The Debtor leases the Premises located at 30 Broad Street, Suite 407, New York, New York from which it operates its business. The Debtor's significant assets and its books and records are located at the Premises.

**Local Rule 1007-4(a)(11)**

16. The following actions or proceedings are pending against the Debtor:

> *30 Broad Street Venture LLC v. NSS Financial Services LLC, et al.*, Civil Court of the City of New York, New York County, Index No. 62038/2016 (landlord/tenant proceeding).

**Local Rule 1007-4(a)(12)**

17. The Debtor's senior management consists of its sole member Hezi Torati.

**Local Rule 1007-2(b)(1)**

18. The Debtor's estimated payroll to employees (exclusive of officers, directors, stockholders and partners) for the thirty (30) day period following the Chapter 11 petition is $0.

19. The estimated amount to be paid for services to its officers and directors for the thirty (30) day period following the filing of the Chapter 11 petition is $0.

**Local Rule 1007-2(b)(3)**

20. A 30-day budget is annexed hereto as **Exhibit "D"**. This budget is also submitted pursuant to the requirements of a small business debtor as set forth in 11 U.S.C. §1116.

## CONCLUSION

21. The Debtor believes it is in the best interests of all of it creditors that it be afforded an opportunity to reorganize its obligations in Chapter 11.

22. The needs and interests of the Debtor and its creditors will best be served by the Debtor's possession of its assets and management of its affairs as a Debtor-in-Possession under Chapter 11 until confirmation of a reorganization plan.

23. Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       June 28, 2017

*/s/ Hezi Torati*
Hezi Torati

Exhibit "A"

List of Debtor's 20 Largest Unsecured Creditors

SEE ATTACHED.

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | NSS FINANCIAL SERVICES, LLC |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK |
| Case number (if known): | |

☐ Check if this is an amended filing

## Official Form 204
### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| 30 Broad Street Ventures c/o Stempel Bennett Claman & H 675 Third Avenue New York, NY 10017 | | Judgment | | | | $127,000.00 |
| Arkady and Elena Abraham 180-16 Dalny Road Jamaica, NY 11432 | | Litigation | Disputed | | | $250,000.00 |
| Con Edison 4 Irving Place New York, NY 10003 | | utilities | | | | $0.00 |
| Regus Corporation 15305 Dallas Parkways, #400 Addison, TX 75001 | | Office Space Lease | | | | $32,000.00 |
| Ron Kutas c/o Dorfman Consulting 69 Chester Place, #2B Englewood, NJ 07631 | | Trade Debt | Disputed | | | $0.00 |
| TGG Holdings LLC c/o Tim Ouellette 3471 Main Highway, Apt 411 Miami, FL 33133 | | litigation | Disputed | | | $110,000.00 |

Exhibit "B"

## List of Debtor's 5 Largest Secured Creditors

**CREDITOR**                                                                 **AMOUNT**

NONE

Exhibit "C"

**Debtor's Most Recent Balance Sheet**

NONE

**Exhibit "D"**

**30 Day Budget**

**INCOME**

 Gross Receipts   $0

**Total Income**   $0

**EXPENSES**

 **Total Expenses**   $0

**Net Income**   $0