LAW OFFICE OF SCOTT A. STEINBERG  
*Proposed Attorney for the Debtor*  
167 Willis Avenue, Suite 1  
Mineola, New York 11501  
(516) 739-9600  
Scott A. Steinberg, Esq.  
ssteinberg@saslawfirm.net  

Hearing Date: August 24, 2017  
Hearing Time: 11:00 a.m.  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------------------X  

In re:                                                                 Chapter 11  

    NSS FINANCIAL SERVICES LLC,                       Case No. 17-11564 (SHL)  

                     Debtor.  
-------------------------------------------------------------------X  

**MOTION SEEKING AN ORDER VOLUNTARILY**  
**DISMISSING CHAPTER 11 CASE**  

TO:    THE HONORABLE SEAN H. LANE,  
         UNITED STATES BANKRUPTCY JUDGE:  

The above captioned debtor and debtor-in-possession (the "Debtor") by its proposed attorney, the Law Office Of Scott A. Steinberg, files this application (the "Application"), for an order voluntarily dismissing the Debtor's pending Chapter 11 case. In support of the Application, the Debtor respectfully states and represents as follows:

**JURISDICTION**

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the District Court dated July 10, 1984 (Ward, Acting C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.    Venue of this proceeding and the within application in this district is proper

1

pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicates for the relief requested herein are §§ 305(a)(1), 1112(b), and 105(a) of the Bankruptcy Code.

## BACKGROUND

4.  On June 5, 2017 (the "Petition Date"), the Debtor filed its voluntary petition for relief (the "Chapter 11 Case") under chapter 11 of Title 11 of the United States Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

5.  Thereafter the instant proceedings were referred to Your Honor for administration under the Bankruptcy Code.

6.  The Debtor is a New York limited liability company. From its inception through approximately 2015 the Debtor was engaged in the business of litigation funding. In its litigation funding business, the Debtor would pay the fees and expenses of a litigant's counsel, up to an agreed upon amount, in exchange for which the Debtor would be paid pursuant to a formula spelled out in the litigation funding agreement. The Debtor also engaged in a consulting business pursuant to which it would advise and assist borrowers on debt and mortgage restructuring.

7.  The Debtor ceased operating as an ongoing business in 2015 due to a conflux of reasons, including, most importantly, a decrease in funding opportunities within the market that the Debtor serviced. It has become apparent in recent weeks that it is highly unlikely that the Debtor will be able to renter the litigation funding business and successfully emerge from Chapter 11.

8.  As stated above, the Debtor is not presently actively engaged in business, but continues to maintain its assets, consisting mostly of computer equipment, files and office

2

furniture in suite located at 305 Broadway, New York, New York.

9. The Debtor has continued in possession of its property and management of its business and affairs pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

10. No Trustee, examiner or Creditors' Committee has been appointed in this proceeding.

## THE CHAPTER 11 FILING

11. The Debtor's Chapter 11 case was precipitated by a scheduled eviction of the Debtor and various non-debtor affiliates of the Debtor, on June 6, 2017, by the City of New York Marshal, from the premises it was operating from at 30 Broad Street, New York, New York.

12. The Debtor commenced this proceeding so as to enable it and its non-debtor affiliates, to move to new premises in an orderly manner without the threat of having its computers, office furniture and books and records removed from the premises by the Marshal. Upon filing, Debtor's counsel contacted counsel for the landlord and negotiated a stipulation pursuant to which the Debtor was given additional time within which to make an orderly transition to its new premises located at 305 Broadway, New York, New York. In exchange for the additional time within which the Debtor was allowed to continue to occupy the space, a non-debtor affiliate paid the administrative per diem rent. On or about July 5, 2017, the Debtor relocated to its new space.

13. The Debtor, after reviewing its business plans and objectives, and discussing same with its bankruptcy counsel, has determined that there is little, if any likelihood that the Debtor will be able to reorganize and restructure its business and profitably renter the litigation funding market. Its prolonged absence from actively engaging in that business and the inherent difficulties of raising capital by a company in Chapter 11, make a successful reorganization

3

highly unlikely.

14. Moreover, the administrative cost of the Chapter 11 proceeding will likely run in the tens of thousands of dollars, with little anticipated benefit.

## THE DEBTOR'S CAPITAL STRUCTURE

15. The Debtor has no known secured creditors and relatively few unsecured creditors. The unsecured claims against the Debtor total approximately $519,000. However, of that amount, approximately half is a claim against the Debtor which was being actively litigated prior to the filing of the petition herein.

16. Only two proofs of claim have been filed, one from the New York State Dept. of Taxation and Finance, in the amount of $558.85, and one from the New York State Dept. of Labor in the amount of $10,907.99.

17. On the asset side of the balance sheet, the Debtor has no personalty and no interest in any real property. The Debtor's only asset is a counterclaim in the pre-petition litigation commenced against the Debtor by Arkady and Elana Abraham.

18. All of the computers, printers and office furniture used by the Debtor are owned by the non-debtor affiliates with whom the Debtor shared office space. In fact, the Debtor is not the actual tenant in its new space. A non-debtor affiliate is the tenant; and the Debtor pays no rent.

19. The Debtor has no accounts receivable, inventory, investments or tax refunds due it.

20. The Debtor is party to a pre-petition litigation, pending in Supreme Court, Queens County, which litigation was stayed by the chapter 11 filing.

## RELIEF REQUESTED AND THE BASIS THEREOF

21. Section 305 of the Bankruptcy Code of the Bankruptcy Code provides in pertinent part:

> (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if -
>
> (1) the interests of creditors and the debtor would be better served by such dismissal or suspension
> 11 U.S.C.§305(a)(1).

While Section 1112(b) of the Bankruptcy Code sets forth a non-exhaustive list of reasons constituting cause for a dismissal or conversion of a case,

> "[S]ection 305 is reserved for those rare occasions when both the creditors generally and the debtor itself are better served by dismissal or suspension."

2 Collier on Bankruptcy ¶ 305.01[1] (Alan N. Resnick & Henry J. Sommer, 15th ed. rev.).

22. Courts have interpreted Section 305(a) of the Bankruptcy Code by examining the legislative history:

> [I]f an arrangement is being worked out by creditors and the debtor out of court, there is no prejudice to the rights of creditors in that arrangement, and an involuntary case has been commenced by a few recalcitrant creditors to provide a basis for future threats to extract full payment. The less expensive out of court workout may better serve the interest in the case.

*In re Grigoli*, 151 B.R. 314, 319 (Bankr. E.D.N.Y. 1993) citing H.R. 95-595, 95th Cong. 1st Sess. 325 (1977). S.R. No. 95-989, 95th Cong. 2d Sess. 36 (12978), U.S. Code Cong. & Admin.News pp. 5787, 6281, 5822 (1978). See *In re Pine Lake Village Apartment Co.*, 16 B.R. 750, 753, (Bankr. S.D.N.Y. 1982); *In re Artists' Outlet, Inc.*, 25 B.R. 231, 232 (Bankr. D. Mass. 1982).

23. Some courts interpret the legislative history of §305(a) of the Bankruptcy Code to be a limiting legislative directive and have authorized abstention only when: (1) the petition was

5

filed by a few recalcitrant creditors and most creditors oppose the bankruptcy; (2) there is a state insolvency proceeding or an out-of-court arrangement pending; and (3) dismissal is in the best interest of the debtor and all creditors. *In re 801 South Wells Street Ltd. Partnership*, 192 B.R. 718, 723 (Bankr. N.D. Ill. 1996).

24. Other courts, however, have established criteria for determining whether the abstention would "better serve" the interests of the debtor and the creditors. These factors include: (1) economy and efficiency of administration; (2) whether another forum is available to protect the interests of both parties or there is already a pending proceeding in state court; (3) whether f federal proceedings are necessary to reach a just and equitable solution; (4) whether there is an alternative means of achieving an equitable distribution of assets; (5) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case; (6) whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and (7) the purpose for which bankruptcy jurisdiction has been sought. (See *801 South Wells*, supra, 192 B.R. at 723, citing *In re Fax Station, Inc.*, 118 B.R. 176, 177 (Bankr. D.R.I 1990), *In re Artists' Outlet, Inc.*, 25 B.R. at 233 (citing cases); *In re Win-Sum Sports, Inc.*, 14 B.R. 389, 398 (Bankr. D.Conn. 1981)).

25. In determining whether a case should be dismissed pursuant to section 305(a) of the Bankruptcy Code, courts in this district have said that "[t]he final test to be considered is whether dismissal is in the best interest of the debtor and all the creditors." *In re Grigoli*, supra. 151 B.R. at 321. To make that determination, the Court must look to the facts of the individual case. *In re Trina Associates*, 128 B.R. 858, 867 (Bankr. E.D.N.Y. 1991) citing *In re Fitzgerald*

*Group*, 38 B.R. 16, 17 (Bankr. S.D.N.Y. 1983); *In re Artists' Outlet, Inc.*, 25 B.R. 231 (Bankr. D. Mass. 1982).

26. While many dismissals pursuant to §305(a) of the Bankruptcy Code involve involuntary cases, "[D]ismissal or suspension of a case may be appropriate when the case constitutes a two-party dispute between the debtor and a single creditor." Collier's supra, at ¶ 305.02[2][d].

27. In the case at bar, the Debtor has resolved its issues with its most significant creditor, 30 Broad Street Venture LLV (the landlord) which resulted in the Debtor and its non-debtor affiliates being able to move to a new location in an orderly fashion. The Debtor submits that since it is unlikely that it will be able to reorganize under Chapter 11, and considering the Debtor's capital structure, the Debtor and its creditors no longer require the protection or jurisdiction of the Bankruptcy Court. Thus, no point would be served or interest furthered by the Debtor and its creditors remaining under the jurisdiction of the Bankruptcy Court.

28. At this juncture, the Debtor submits that a dismissal pursuant to Section 305 of the Bankruptcy Code is appropriate based upon the economy of administration, the lack of a continuing bankruptcy purpose for the case and the fact that the Debtor is not actively engaged in business, and as such, has not incurred any administrative debts, other then the fees of its counsel and the minimum United States Trustee quarterly fee.

29. Additionally, this Court may dismiss this Chapter 11 case pursuant to Section 1112(b) of the Bankruptcy Code for "cause." In this case, since the Debtor has resolved its dispute with the landlord, the Debtor is not actively engaged in business, and neither the Debtor nor its few unsecured creditors require the protection of the bankruptcy court, cause exits to dismiss the proceeding. All of the foregoing provides this Court with ample grounds to conclude

that dismissal of this Chapter 11 case is in the best interests of all creditors and the Debtor and should be granted.

## NOTICE

30. Bankruptcy Rule 2002(a)(4) requires twenty-one (21) days notice of applications seeking dismissal of Chapter 11 cases. However, for cause shown, Bankruptcy Rule 9006(c) allows the Court to reduce the specified time, at its discretion. The Debtor is not seeking a reduction in the notice period.

31. The Debtor will serve a copy of this motion and any supporting papers on which this application is based, on the Office of the United States Trustee, all creditors and all parties that have filed a notice of appearance.

## NO PRIOR RELIEF REQUESTED

32. No prior motion for the relief sought herein has been made to this or any other court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter the Order dismissing the Debtor's Chapter 11 case, along with such other and further relief as is just and proper.

*Dated:* Mineola, New York
July 25, 2017

> LAW OFFICES OF SCOTT A. STEINBERG
> *Proposed Attorney for the Debtor*
> 167 Willis Avenue, Suite 1
> Mineola, New York 11501
> (516) 739-9600
> ssteinberg@saslawfirm.net
>
> By: */s/ Scott A. Steinberg*
>     Scott A. Steinberg

8